UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
Matthew J. Maddox
United States District Judge
MDD_MJMChambers@mdd.uscourts.gov



101 West Lombard Street
Chambers 3B
Baltimore, Maryland 21201
(410) 962-3407

December 7, 2023

TO ALL COUNSEL OF RECORD

Re:   <u>Kimberli H. v. Kijakazi</u>
      Case No. 1:22-cv-2850-MJM

Dear Counsel:

On March 14, 2023, Plaintiff Kimberli H. commenced this civil action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") to deny her claims for Supplemental Security Income ("SSI"). (ECF No. 8-3). The undersigned has reviewed Plaintiff's brief, Defendant's brief, Plaintiff's reply to Defendant's brief, and the record in this case. (ECF Nos. 8, 14, 16, 17). I find that no hearing is necessary. L.R. 105.6. (D. Md. 2023).

This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020). Under this standard, the SSA's decision will be remanded.

   I.   **Background**

Plaintiff filed her application for SSI on March 22, 2018, alleging disability due to bipolar disorder, Graves' disease, glaucoma, high cholesterol, and anxiety. (Tr. 295–302, 317). Plaintiff's claim was denied initially and on reconsideration. (Tr. 13–47). A hearing was held before Administrative Law Judge ("ALJ") Sabrina Tilley on April 4, 2021, and the hearing was reconvened on October 22, 2021, after the ALJ sent Plaintiff for a mental consultive examination. (Tr. 28–60). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12–22). The Appeals Council affirmed this decision, (Tr. 1–6), so the ALJ's decision constitutes the final, reviewable decision of the SSA. Plaintiff then initiated the instant civil action seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II.     The SSA's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining a claimant's disability claims, the ALJ follows the five-step sequential evaluation of disability set forth in 20 C.F.R. § 416.920(a).

> To summarize, the ALJ asks at step one whether the claimant is engaging in substantial gainful activity; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

If the first three steps do not yield a conclusive determination of disability, the ALJ "must determine the claimant's residual functional capacity ('RFC'), which is the most the claimant can still do despite the physical and mental limitations that affect [her] ability to work." *Shinaberry*, 952 F.3d at 119 (quoting *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016)). To determine the individual's RFC, the ALJ "must consider all of the claimant's medically determinable impairments of which the ALJ is aware" regardless of severity. *Id.* The claimant bears the burden of proof through the first four steps of the sequential evaluation. *Mascio*, 780 F.3d at 635. If she makes the requisite showing, the burden shifts to the SSA at step five to prove that the claimant "can perform other work that exists in significant numbers in the national economy, considering the claimant's [RFC], age, education, and work experience." *Monroe*, 826 F.3d at 179. At the final step, the ALJ "often considers the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." *Shinaberry*, 952 F.3d at 119 (internal quotation marks and citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 12, 2019. (Tr. 14). At step two, the ALJ found that Plaintiff has the following severe impairments: cervical and lumbar spine strain, mild cervical spondylosis, mild facet arthropathy of the thoracic spine, bipolar disorder, depression, and anxiety. (*Id.*) At step three, the ALJ found that the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R Pt. 404, Subpt. P, App'x 1. (Tr. 15). Then, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R § 416.967(b):

> [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently. She

>can stand and walk for 6 hours in an 8-hour day and can sit for at least 6 hours in an 8-hour day. She can occasionally climb ramps and stairs but can never climb ladders, ropes, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to extreme temperatures, vibrations, and hazards. She retains the capacity to understand, remember, and carry simple instructions. She can respond appropriately to occasional interactions with coworkers and supervisors. She should have no interaction with the general public. She can make simple work-related decisions. She can also adjust to usual work situations and occasional changes in the routine work setting.

(Tr. 17). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a sales representative and a cashier. (Tr. 18–19). Lastly, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 18). Thus, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act. (Tr. 22).

### III. Standard of Review

The Court reviews an ALJ's decision to ensure that the ALJ's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," which "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (internal quotation marks and citations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (internal brackets and citations omitted).

### IV. Discussion

The issue on appeal centers around the ALJ's assessment of Plaintiff's RFC. Specifically, Plaintiff argues that, despite the ALJ's finding in step three that Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace, the ALJ never included a corresponding limitation in her RFC assessment or explained why no such limitation is necessary. (Pl. Br. at 9, 11). Plaintiff contends that the ALJ's analysis runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). I agree that, on the facts of this case, the ALJ's failure to perform the RFC analysis required by *Mascio* warrants remand. In remanding this matter, I express no opinion as to whether the ALJ's ultimate determination that Plaintiff has not been under a disability is correct or incorrect.

Concentration, persistence, or maintaining pace is one of four broad functional areas an ALJ must consider when evaluating a claimant's mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(A)(2)(b). This functional area involves "the abilities to focus attention or work

activities and stay on task at a sustained rate." *Id.* at § 12.00(E)(3). The ALJ uses a five-point scale to rate a claimant's degree of limitation: none, mild, moderate, marked, or extreme. 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(4). Factors to be considered include "the quality and level of [the claimant's] overall functional performance, any episodic limitations, the amount of supervision or assistance [the claimant] require[s], and the settings in which [the claimant is] able to function." 20 C.F.R. §§ 404.1520a(c)(2). The ALJ's written decision "must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. §§ 404.1520a(e)(4). If an ALJ determines that a claimant's mental impairments result in an "extreme" limitation of one or a "marked" limitation of two out of the four broad functional areas, then the claimant meets the listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App'x 1 and a determination of disability is made at step three.

Here, the ALJ determined that Plaintiff's degree of limitation for all four broad functional areas was moderate. (Tr. 16). A moderate limitation indicates that the claimant's abilities in the relevant functional area are "fair." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c). Regarding Plaintiff's concentration, persistence, or maintaining pace, the ALJ determined that:

> [Plaintiff] has a moderate limitation. In her Adult Function Report, the claimant indicated that she can pay attention for about 20 minutes at a time. She also indicated that she does not finish what she starts (Exhibit B8E, p. 6). The claimant obtained a score of 8 on her Digit Span subtest. Her persistence was within normal limits and her pace was not measured (Exhibit B16F, p. 3).

(Tr. 16).

The ALJ failed to connect evidence of Plaintiff's history to her determination that Plaintiff is moderately limited in concentration, persistence, or maintaining pace. The findings regarding Plaintiff's attention span and task completion were self-reported by Plaintiff, and there is no explanation offered for why a Digit Span subtest score of eight supports finding a moderate limitation, rather than a mild or even no limitation. The ALJ went on to describe the consultative examination report from Michael McDaniel, noting Mr. McDaniel's finding that Plaintiff had "normal persistence." (Tr. 19). The ALJ's determination that Plaintiff has a moderate limitation in concentration, persistence, or maintaining pace is not adequately explained. *See e.g.*, *Brocato v. Comm'r Soc. Sec.*, Civ. No. SAG-16-2540, 2017 WL 3084382, at *3 (D. Md. July 19, 2017) (finding that ALJ's "cursory analysis" inadequate as to plaintiff's concentration, persistence, and pace when "based exclusively on [claimant's] reported issues," while other evidence cited in ALJ's analysis would suggest mild or no limitations).

Because Plaintiff's mental impairments did not result in one extreme limitation or two marked limitations, Plaintiff did not establish a disability at step three, and the ALJ moved on to determine Plaintiff's RFC. In determining a claimant's RFC, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545(a),

416.945(a). To conduct this assessment, the ALJ "must first identify the individual's functional limitations or restrictions" and assess these on a "function-by-function basis. . . ." *Monroe*, 826 F.3d at 179. The RFC assessment "must include a narrative discussion" that describes "how the evidence supports each conclusion" and cites to "specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio*, 780 F.3d 632, 636 (4th Cir. 2015). The ALJ must also "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Capps v. Berryhill*, Civ. No. CBD-17-2438, 2018 WL 4616018 *2 (D. Md. Sept. 26, 2018).

The Fourth Circuit made clear in *Shinaberry v. Saul*, that there is no categorical rule requiring "an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." 952 F.3d at 121. But if the ALJ does not include such a limitation, the ALJ must provide a proper explanation as to why a claimant's moderate limitation in concentration, persistence, or maintaining pace does not translate into a limit in the claimant's RFC or the hypothetical posed to the vocational expert. *Id.* "For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would [be] appropriate to exclude it from the hypothetical tendered to the vocational expert." *Id.* (quoting *Mascio*, 780 F.3d at 638).

In *Mascio*, "the ALJ found that the claimant, who suffered from an adjustment disorder, had moderate limitations in concentration, persistence and pace." *Id.*; *see Mascio*, 780 F.3d at 633, 638. But the ALJ ignored this limitation without explanation "when he conducted the function-by-function analysis . . . and 'said nothing about Mascio's mental limitations' in the hypothetical posed to the vocational expert[.]" *Shinaberry*, 952 F.3d at 121 (quoting *Mascio*, 780 F.3d at 637). The ALJ's failure to "explain why [the claimant's] moderate limitation in concentration, persistence, or pace at step three d[id] not translate into a limitation in [the claimant's] residual functional capacity" warranted remand. *Mascio*, 780 F.3d at 638.

Here, as explained above, the ALJ determined that Plaintiff has a moderate limitation in concentrating, persisting, or maintaining pace, (Tr. 16), but this finding was reflected in neither the ALJ's RFC assessment nor the hypothetical question she posed to the vocational expert. (Tr. 19, 57–58). The ALJ's hypothetical stated, in part, that the hypothetical individual "retains the capacity to understand, remember, and carry out simple instructions" and "[c]an respond appropriately to occasional interactions with coworkers and supervisors but should have no interaction with the general public." (Tr. 58). The ALJ did not limit the hypothetical individual's capacity to stay on task or how long the individual could stay on task. In *Mascio*, the Fourth Circuit held that "an ALJ cannot summarily 'account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work,' because 'the ability to perform simple tasks differs from the ability to stay on task.'" *Shinaberry*, 952 F.3d at 121 (quoting *Mascio*, 780 F.3d at 638); *see also Everlena v. Kijakazi*, Civ. No. DLB-20-784, 2021 WL 3912277 at *3 (D. Md. Sept. 1, 2021) (holding that the ALJ erred by not connecting "the complexity of tasks with [the plaintiff's] CPP limitation at any point" and never explained how the plaintiff "could maintain CPP while performing simple, routine tasks").

Furthermore, this Court has held that limitations on interactions with others does not address limitations in concentration, persistence, or maintaining pace. *See, e.g.*, *Capps*, 2018 WL 4616018 at *3, 5–6 (determining that "carrying out simple tasks in two-hour increments" plus limitations on interactions with other individuals do not address concentration, persistence, and pace limitations, nor does limiting changes in work setting); *Bey v. Berryhill*, Civ. No. BPG-17-57, 2018 WL 558839, at *3 (D. Md. July 12, 2018) (determining that an RFC which limited the plaintiff to "simple, routine tasks and occasional contact with supervisors, coworkers, and the public" and "low stress work, defined as . . . occasional changes in the work setting" failed to account for the plaintiff's moderate limitations in concentration, persistence, and pace).

Having found a moderate limitation in Plaintiff's concentration, persistence, or maintaining pace, the ALJ was required to explain why this limitation was not reflected in her assessment of Plaintiff's RFC or in the hypothetical posed to the vocational expert. No such explanation was provided.

Citing *Shinaberry*, the Commissioner argues that the ALJ included restrictions in Plaintiff's RFC to address these limitations and explained why the record did not support additional work-related mental limitations. (Def. Br. at 5–9). The ALJ's analysis here is distinguishable from that in *Shinaberry*. In *Shinaberry*, the ALJ discussed in depth the results of the claimant's psychological evaluations, which "sufficiently explained why the mental limitation to simple, routine, and repetitive tasks" accounted for the claimant's borderline intellectual disability and moderate limitations in concentration, persistence, and pace. 952 F.3d at 121. The ALJ cited detailed medical findings, to which she assigned great weight, explaining why the claimant's concentration, persistence, and pace were found to be moderate. *Id.* at 121–22. The ALJ in *Shinaberry* also included the mental limitation in the hypothetical posed to the vocational expert. *Id.* at 122. In the instant case, the ALJ never explained why "carry[ing] out simple instructions" is a sufficient limitation on Plaintiff's RFC to account for a moderate limitation in concentration, persistence, or pace. (Tr. 17).

The Commissioner also argues that medical evidence in the record offered additional support for the ALJ's RFC assessment. (Def. Br. at 8). The Commissioner cites to medical evidence that the ALJ never mentioned in the decision. (*Id.*) The Fourth Circuit has held that the ALJ must "specify which specific objective evidence supports [her] conclusion" in her written decision. *Siders v. Comm'r Soc. Sec. Admin.*, No. 21-2329, 2023 WL 4488259 at *3 (4th Cir. July 12, 2023). Because the ALJ did not cite to the medical evidence the Commissioner relies upon, the undersigned cannot assume that the ALJ also relied on this evidence when conducting the RFC assessment.

V. **Conclusion**

In sum, the ALJ failed to provide adequate explanation and support for her decision that Plaintiff was moderately limited in concentration, persistence, and pace; failed to include this

*Kimberli H.. v. Kijakazi*
Case No. 1:22-cv-2850
December 7, 2023
Page 7

limitation in the hypothetical posed to the vocational expert, or explain this omission; and failed to account for this limitation in the RFC assessment, or explain its omission. For the foregoing reasons, the case is remanded in accordance with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). The undersigned expresses no opinion as to whether the ALJ's ultimate conclusion that Plaintiff has not been under a disability is correct or incorrect.

      A separate Order will follow.

                                              Sincerely,

                                                    /S/
                                          Matthew J. Maddox
                                          United States Magistrate Judge